Suzanne L. Martin
Nevada Bar No. 8833
suzanne.martin@ogletreedeakins.com
Alina Krauff
Nevada Bar No. 16266
alina.krauff@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10801 W. Charleston Blvd.
Suite 500
Las Vegas, NV  89135
Telephone:  702.369.6800
Fax:  702.369.6888

*Attorneys for Defendant International Business
Machines Corporation*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| DARIN STANSFIELD,<br><br>                    Plaintiff,<br><br>    vs.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York Corporation; and DOES I through X; and ROE BUSINESS ENTITIES I through X; inclusive,<br><br>                Defendants. | Case No.: 2:26-cv-00088-GMN-DJA<br><br>**STIPULATED PROTECTIVE ORDER GOVERNING THE CONFIDENTIALITY OF INFORMATION AND DOCUMENTS**<br><br><span style="color:red">**As amended on pages 4, 5, 9, and 11**</span> |

Plaintiff Darin Stansfield ("Plaintiff") and Defendant International Business Machines ("Defendant"), (collectively referred to as "Parties"), by and through their respective attorneys of record, hereby request the Court enter the following Stipulated Protective Order Governing the Confidentiality of Information and Documents ("Stipulated Protective Order"). This Stipulation is brought pursuant to and in compliance with Local Rule 7-1.

Plaintiff is expected to request confidential, proprietary, non-public information and documents from Defendant, including, but not limited to, employee handbooks, documents related to non-party employees, investigative files, personnel files, business, insurance, and financial information, and other documents related to Defendant's personnel and business operations. Defendant considers this information and documents to be private and confidential, that may also

- 1 -

contain trade secret or proprietary business information of Defendant. In addition, Defendant may request confidential, non-public information and documents from Plaintiff and third-parties, including financial records, medical records, employment records, and other information and documents regarding certain individuals, who are not, and are not expected to be, individual parties to this action. Plaintiff considers this information and documents to be private and confidential.

To expedite the flow of discovery, facilitate the prompt resolution of disputes over confidentiality, and to adequately protect material entitled to be kept confidential, the Parties agree to limit the disclosure and use of proprietary, confidential, and private information and documents as stipulated, pursuant to this Stipulated Protective Order on the following terms:

## I.    <u>DEFINITIONS</u>

The following definitions shall apply to this Protective Order:

This "Action" shall refer to the above-captioned proceeding in the United States District Court for the District of Nevada and any appeal thereof through final judgment.

"Producing Party" shall mean any person or entity producing documents, information or other materials in this Action, including any Party to this Action or any third parties.

"Party" shall mean the Plaintiff and Defendant in this Action, and any other person that may become a named Party to this Action.

"Confidential" information shall be defined as such documents, deposition testimony or other information disclosed during discovery in this Action which the Producing Party or another Party reasonably and in good faith contends contains information that should be protected from disclosure as a public record or to non-parties, counsel, and expert witnesses. Any Party may designate any information or documents as Confidential in the reasonable exercise of such Party's sole discretion; provided, however, by agreeing to this Protective Order, no Party waives the right to challenge any other Party's designation of any information or document as Confidential.

"Legend" as used herein shall mean a stamp or similar insignia stating "Confidential".

When reference is made in this Protective Order to any document or Party, the singular shall include the plural, and plural shall include the singular.

"Attorneys' Eyes Only" shall mean only to be reviewed by counsel of record.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10801 W CHARLESTON BLVD
SUITE 500
LAS VEGAS, NV 89135
TELEPHONE: 702.369.6800

## II.    DESIGNATION OF INFORMATION AND DOCUMENTS

When any document, deposition testimony, or things produced under this Protective Order are designated as Confidential Information, a Legend shall be affixed to the first page and all pages containing information for which the Producing Party seeks protection. When information produced in answer to an Interrogatory, or response to a Request for Production or Request for Admission is designated as Confidential, the response or answer shall be preceded with the appropriate designation.

Some documents being produced by both Plaintiff and Defendant may contain social security numbers. Without need of any designation, social security numbers will be deemed to be Confidential.  In the event a document is produced without the redaction of a social security number, any Party seeking to use the document will make every effort to redact the social security number before its use in a deposition, court proceeding or court filing.

The initial failure to designate information or documents as Confidential in accordance with this Stipulated Protective Order shall not preclude the Producing Party from, at a later date, designating any information or documents as Confidential.  The Producing Party may, by written notice to counsel of record for the receiving Party, designate previously produced information or documents as Confidential, which it had inadvertently failed to designate.  The Producing Party will reproduce any such documents with the Confidential Designation and will advise the non-producing party to destroy previously produced documents if they were inadvertently not marked confidential so as not to require an unnecessary burden on the non-producing party.

## III.    LIMITATIONS

This Stipulated Protective Order shall govern only documents, information and materials generated or produced in response to any method of discovery conducted by any Party to this Action and used in the prosecution and defense of this Action.

Persons obtaining access to Confidential information under this Stipulated Protective Order shall use the information only for the preparation of and the trial in this Action, including motion practice as permitted by the Court.  Persons shall not use such information for any other purpose, including business, commercial, personal, administrative or judicial proceedings.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10801 W CHARLESTON BLVD
SUITE 500
LAS VEGAS, NV 89135
TELEPHONE: 702.369.6800

Nothing contained in this Stipulated Protective Order shall require any Party to treat as Confidential documents or information lawfully obtained by means other than through discovery in this Action and under circumstances that would lead a reasonable person to conclude that the documents or information were not intended to be kept confidential by the recipient; provided, however, that nothing in this Stipulated Protective Order shall authorize any use of documents or information which is otherwise impermissible.

Persons receiving Confidential information under this Stipulated Protective Order shall not upload, input, or otherwise provide any documents, data, or information produced in this litigation to any publicly available generative artificial intelligence tool or platform (including, but not limited to, ChatGPT or similar services) unless those tools or platforms can be configured so that the producing Party's information will not train on, learn from, or otherwise incorporate the producing Party's data into its underlying models. Any use of generative artificial intelligence for litigation support must be limited to secure, private tools that do not use the producing Party's information to retrain or improve their systems.

## IV.    PERMISSIBLE DISCLOSURES/ACCESS

Except as set forth herein, Confidential information, and any facts or information contained therein or derived therefrom, shall be disclosed only to the Court ~~on the condition that the Court enters an Order similar to this Stipulated Protective Order~~ and/or to:  (a) the Parties in the Action, including their agents, officers, directors, staff, support personnel and employees, but only to the extent that such disclosure is necessary for the conduct of litigation in the Action; (b) outside counsel for the Parties hereto and their agents, employees, paralegals, or other secretarial and clerical employees or agents; (c) experts, independent contractors, consultants, or advisors who are employed or retained by, or on behalf of, one or more of the Parties to the Action or their counsel to assist in preparation of the Action for trial; (d) deponents and their counsel who have a need to review this material during the course of, or in connection with, depositions taken in or for the Action; (e) stenographic reporters who are involved in depositions, the trial or any hearings or proceedings before the Court in the Action; (f) people who have previously received or created the document; and (g) witnesses in the Action who need to review this material in connection with

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10801 W CHARLESTON BLVD
SUITE 500
LAS VEGAS, NV 89135
TELEPHONE: 702.369.6800

their testimony in the Action. Confidential information may be disclosed to persons listed in this paragraph only after such person other than the Court, its staff, and Court reporters has been shown a copy of this Stipulated Protective Order and agrees to be bound by the terms of this Stipulated Protective Order in the form attached hereto as **Exhibit A**. In the event an authorized person does not execute **Exhibit A** other than the Court, its staff, and Court reporters, expressly agreeing to be bound by this Stipulated Protective Order, the Parties and the Court will nevertheless deem the authorized person to be so bound.

## V.    DECLASSIFICATION

Unless and until otherwise ordered by the Court, or otherwise agreed by the Parties, all documents and other discovery materials designated Confidential shall be treated as such under this Stipulated Protective Order. In the event that any Party objects to the designation of any document, the objecting Party may seek modification of the designation or the disclosure of the redacted information in accordance with the following procedure:

At any time, the receiving Party of any document or information designated as Confidential may notify the Producing Party, in writing, that the receiving Party does not concur in the designation or redaction. The Parties shall attempt to resolve such challenges informally.

## VI.    DESIGNATED INFORMATION AND DOCUMENTS IN DEPOSITIONS

In the case where Confidential information or documents are used or revealed during a deposition, designation of the transcript or any portion thereof, including the designated documents or other exhibits, deemed to be Confidential, may be made by a statement by a Party, counsel or the witness on the record, so that the stenographer transcribing the deposition can affix a Legend to the cover page and all appropriate pages of the transcript and to each copy thereof for dissemination to counsel and in compliance with this Stipulated Protective Order.

A Party or a witness may designate a deposition or trial transcript, or a portion thereof, disclosing, containing or referring to any Confidential information or documents as "Confidential" by informing counsel for all other Parties to this Action in writing within thirty (30) days after receipt of the transcript as to the specific pages and lines deemed Confidential, and thereafter such pages and lines shall constitute Confidential information or documents pursuant to this Stipulated Protective Order. Upon receipt of such notice, any Party in possession of copies of the transcript

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10801 W CHARLESTON BLVD
SUITE 500
LAS VEGAS, NV 89135
TELEPHONE: 702.369.6800

- 5 -

with the designated pages and lines shall affix the appropriate Legend thereto.  During the 30-day interval following receipt of a transcript, the transcript shall be treated as Confidential.

## VII.  DESIGNATED INFORMATION AND DOCUMENTS IN BRIEFS

The Parties recognize that designating Information as Confidential is not sufficient grounds for that document to be filed under seal in connection with either a non-dispositive or dispositive motion. The Parties acknowledge that to overcome the presumption of public access and maintain the confidentiality of Information designated as Confidential that is attached to a non-dispositive motion, the party seeking to maintain the Confidential designation of that Information must meet the "good cause" standard articulated in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). The parties further acknowledge that, to overcome the presumption of public access and maintain the confidentiality of Information designated as Confidential that is attached to a dispositive motion, the party seeking to maintain the Confidential designation of that Information must meet the "compelling reasons" standard articulated in *Kamakana*.

If a non-designating Party intends to file a motion containing information from, summarizing, or attaching a Confidential document that the opposing Party has designated as Confidential pursuant this stipulated protective order, the non-designating moving Party must notify the opposing Party at least seven (7) days prior to filing the designated document(s). The designating Party must make a good faith determination if the relevant standard for sealing is met. To the extent the designating Party does not believe the relevant standard for sealing can be met, it shall indicate that the document may be filed publicly no later than four (4) days after receiving notice of the intended filing. To the extent the designating party believes the relevant standard for sealing can be met, it shall provide a substantive declaration supporting that assertion no later than four (4) days after receiving notice of the intended filing. The non-designating moving Party shall then attach that declaration to a motion to seal. If the designating Party fails to provide such a declaration in support of the motion to seal, the filing Party shall file a motion to seal so indicating and the Court may order the document filed in the public record.

Alternatively, the parties may meet and confer in advance of the motion to discuss whether and to what extent the Confidential document or information may be used, e.g., by redacting

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10801 W CHARLESTON BLVD
SUITE 500
LAS VEGAS, NV 89135
TELEPHONE: 702.369.6800

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10801 W CHARLESTON BLVD
SUITE 500
LAS VEGAS, NV 89135
TELEPHONE: 702.369.6800

information not relevant to the motion or argument, so as to avoid the burden of filing the motion under seal. The parties agree to cooperate in good faith to reach a reasonable compromise with respect to the use of Confidential documents and/or information in law and motion practice, and will comply, as applicable with the Civil Standing Order of U.S. Judge Gloria Navarro. (ECF No. 4.)

In the event of an emergency motion, the above procedures shall not apply. Instead, the movant shall file a motion to seal and the designating party shall file a declaration in support of that motion to seal within three (3) days of its filing. If the designating Party fails to timely file such declaration, the Court may order the document filed in the public record. Motions to seal shall be filed consistent with Federal Rule of Civil Procedure 5.2, Local Rule 10-5, and Civil Standing Order of U.S. Judge Gloria Navarro. (ECF No. 4.)

## VIII.    <u>DESIGNATED INFORMATION AND DOCUMENTS IN THE RECORD OF THE ACTION</u>

Confidential information or documents may be offered in evidence at any hearing or the trial in the Action. The designating Party shall initiate a meet and confer conference in advance of any hearing or trial that will provide the Parties a reasonable amount of time to meet and confer in advance of a hearing and/or trial as to how the information or documents will be used including, by way of example, requesting that the Court designate a portion of a transcript containing the Parties' discussion of the Confidential information or documents as Confidential and maintain it under seal, only to be produced to the Parties' at their request. If the Parties cannot agree about how the information or documents will be used during a hearing and/or trial, before or at the time of the hearing and/or trial, the Party designating such Confidential status may move the Court for an Order that the evidence be received *in camera*, per Local Rule 10-4,or under other conditions to prevent unnecessary disclosure per Federal Rules of Civil Procedure 5.2 and Local Rule 10-5, as applicable, and consistent with the standards set forth in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). If such a motion is made regarding evidence to be introduced at the time of a hearing and/or trial, then the Party designating such Confidential status shall notify opposing counsel and the Court of its intent to make the motion sufficiently in advance

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10801 W CHARLESTON BLVD
SUITE 500
LAS VEGAS, NV 89135
TELEPHONE: 702.369.6800

of and outside the presence of the jury so that counsel has the opportunity to object to the evidence and/or an opportunity to seek appropriate protection from the Court outside the presence of the jury and before the information or documents are offered into evidence in open court. The Court will then determine whether the proffered evidence should continue to be treated as Confidential and, if so, what protection, if any, may be afforded to such information at the hearing.

## IX.    SUBPOENA BY COURT OR OTHER AGENCIES

If at any time any document or information protected by this Stipulated Protective Order is subpoenaed by any court, administrative or legislative body, or is requested by any other person or entity purporting to have authority to require the production of such information, the Party to whom the subpoena or other request is directed shall give written notice thereof in no less than five calendar days to any Party which has designated such information Confidential.  After receipt of the notice specified under this paragraph, the designating Party shall be responsible for obtaining any Order it believes necessary to prevent disclosure of documents designated, and the Party to whom the referenced subpoena or other request is directed shall produce such document or information only upon an Order issued by a judge of a court of competent jurisdiction requiring such production.

## X.    CLIENT CONSULTATION

Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of stamped Confidential Information or documents; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any items so designated except pursuant to the procedures in Paragraph IV above.

## XI.    COPIES OF DESIGNATED INFORMATION

The attorneys of record are responsible for employing reasonable measures, consistent with this Stipulated Protective Order, to control duplication of, access to, and distribution of copies of Confidential information. Parties shall not duplicate Confidential information or documents except working copies and for filing in Court under seal. All copies of any Confidential information or documents shall be treated as provided in this Stipulated Protective Order.

## XII.    <u>NO WAIVER</u>

No Confidential information or documents shall lose such status under this Stipulated Protective Order as the result of the use of such information or documents in any hearing, trial, or other court proceeding in this Action, provided that such use is consistent with the terms of this Protective Order.

Notwithstanding anything to the contrary contained herein, all objections as to admissibility in evidence of the discovery material subject to this Stipulated Protective Order are reserved and are not waived by any terms of this Stipulated Protective Order. ~~The use of Confidential information and documents as evidence at trial shall be subject to this Stipulated Protective Order unless otherwise agreed to by the Parties or modified by the Court or by any rule or requirement to the fullest extent of the law~~.

The inadvertent disclosure of Confidential information and documents shall not, under any circumstances, be deemed a waiver, in whole or in part, of any Party's claims of confidentiality.

The inadvertent production of any document or other information during discovery in this Action shall be without prejudice to any claim that such material is privileged, prohibited or protected from disclosure as privileged or work product, and no Party shall be held to have waived any rights by reason of such inadvertent production.

## XIII.    <u>NON-TERMINATION</u>

The termination of proceedings in the Action shall not relieve the Parties from the obligation of maintaining the confidentiality of all information and documents produced and designated pursuant to this Stipulated Protective Order, unless the Parties otherwise agree or the Court orders or permits otherwise.  Upon the final disposition of the Action, all information and documents, including any summaries or abstracts of materials, however maintained, shall be kept completely confidential.  Counsel for either Party may use the Confidential information and documents only for the purpose of defending ethical charges or professional malpractice charges, and may not use Confidential information or documents in any subsequent lawsuit.

## XIV.    <u>INADVERTENT PRODUCTION OF PRIVILEGED MATERIALS</u>

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10801 W CHARLESTON BLVD
SUITE 500
LAS VEGAS, NV 89135
TELEPHONE: 702.369.6800

A.      The inadvertent production of information that is subject to a claim of any privilege or other protection as trial-preparation material shall not constitute a waiver of any privilege or protection, provided that – consistent with the provisions of Fed. R. Civ. P. 26(b)(5) and Fed. R. Evid. 502 – the Producing Party notifies the receiving Party in writing of the inadvertent production as soon as practicable following the Producing Party's discovery of the inadvertent production within fifteen (15) days after the producing party actually discovers that such inadvertent disclosure occurred, amend its discovery response and notify the other party that such document was inadvertently produced and should have been withheld.

B.      Following the Producing Party's written notice of the inadvertent production, the receiving Party shall promptly return, destroy, or delete from its databases all copies of the specified information and shall make reasonable efforts to retrieve the information if the receiving Party previously provided the information to third parties.

C.      The receiving Party shall not assert a claim or argument in this or any other court or legal proceeding that the Producing Party's act of inadvertently producing the information constituted a waiver of the Producing Party's privilege or other protection over the information.

D.      If there is a disagreement as to whether the specified information is privileged or subject to protection, the receiving Party may present the information under seal to the Court for a determination.

/ / /

/ / /

/ / /

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10801 W CHARLESTON BLVD
SUITE 500
LAS VEGAS, NV 89135
TELEPHONE: 702.369.6800

E.      Until the Court makes a determination of the privileged or protected status of the information, the receiving Party shall not use in any way (including, but not limited to, using the information in depositions or at trial) nor disclose the information to other Parties.

IT IS SO STIPULATED.

DATED this 14th day of April, 2026.

LAW OFFICES OF MICHAEL P. BALABAN

/s/ *Michael P. Balaban*

Michael P. Balaban
Nevada Bar No. 9370
10726 Del Rudini Street
Las Vegas, NV 89141

*Attorney for Plaintiff*

DATED this 14th day of April, 2026.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/ *Alina Krauff*

Suzanne L. Martin
Nevada Bar No. 8833
Alina Krauff
Nevada Bar No. 16266
10801 W. Charleston Blvd.
Suite 500
Las Vegas, NV  89135

*Attorneys for Defendant International Business Machines Corporation*

### ORDER

IT IS THEREFORE ORDERED that the parties' stipulation is GRANTED subject to the amendments made by the Court herein.

_____
UNITED STATES MAGISTRATE JUDGE

DATED: 4/16/2026

- 11 -

**EXHIBIT A**

**UNDERSTANDING AND AGREEMENT REGARDING
CONFIDENTIAL DOCUMENTS AND INFORMATION**

I hereby state that I have read and received a copy of the Stipulated Protective Order Governing the Confidentiality of Documents and Information (the "Order") in *Darin Stansfield v. International Business Machines*, Case No. 2:26-cv-00088-GMN-DJA, which case is currently pending in the United States District Court for the District of Nevada (the "Court"). I understand the terms of the Order, agree to be bound by those terms, and consent to the jurisdiction of the Court with respect to enforcement of the Order.

_____
Signature

_____
Printed Name

_____
Dated

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10801 W CHARLESTON BLVD
SUITE 500
LAS VEGAS, NV 89135
TELEPHONE: 702.369.6800